IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-02955-WYD

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

_____

ORDER TO DISMISS IN PART AND FOR ANSWER IN PART

_____

Applicant Jeremy Pinson is a prisoner in the custody of the United States Bureau

of Prisons (BOP) and currently is incarcerated at the United States Penitentiary in

Florence, Colorado.  Mr. Pinson, acting *pro se*, has filed an Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2241.  In an order filed on January 4, 2012,

Magistrate Judge Boyd N. Boland directed Respondent to file a Preliminary Response

limited to addressing the affirmative defense of exhaustion of administrative remedies.

On January 25, 2012, Respondent filed a Preliminary Response.  Mr. Pinson did not file

a Reply.

I must construe the Application and the Reply liberally because Mr. Pinson is not

represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, I cannot act as an advocate

for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated

below, the action will be dismissed in part and Respondent will be directed to address the merits of the remaining claims.

Mr. Pinson asserts that his due process rights were violated in two separate disciplinary proceedings.  He contends that he is schizophrenic and incompetent to waive his right to a hearing, witnesses, and staff representatives, but prison staff in Incident Report (IR) Nos. 1642331 and 1619674 waive these rights without a competency evaluation, which is required under 28 C.F.R. § 541.6.  Mr. Pinson further asserts that no evidence exist to support the charges in either disciplinary proceeding and that the disciplinary hearing officer falsified in his report that the hearing report was delivered to Mr. Pinson at USP Beaumont.  Mr. Pinson seeks expungement of the two incident reports and reversal of the sanctions and resulting classification.

First, I will address IR No. 1619674.  As noted in Magistrate Judge Boland's January 4 Order, Mr. Pinson is challenging the results of IR No. 1619674 in a previous § 2241 habeas action.  *See Pinson v. Davis*, No. 11-cv-013345-WYD (D. Colo. Filed May 20, 2011).  Both Mr. Pinson and Respondent were instructed to address why the repetitive claim should not be dismissed as abusive and malicious.  Respondent elected not to address the issue in his Preliminary Response.  Mr. Pinson filed a Motion to Dismiss Claim Two, claiming inadvertent error due to "disorganization in [his] paperwork."  *See* Doc. No. 7.

Under 28 U.S.C. § 2244(a), a district court may dismiss a petition for writ of habeas corpus brought pursuant to § 2241 if it appears that a federal court has previously passed on the legality of the applicant's detention in a prior habeas

application and no new claim is raised.  *George v. Perrill*, 62 F.3d 333, 334 (10th Cir.

1995).  Given that the Court has not passed on the merits of Mr. Pinson's due process

claims raised in Case No. 11-cv-01334, the Court will dismiss the claims regarding IR

No. 1619674 as repetitive.

Mr. Pinson, however, is reminded, as he was instructed in Case No. 11-cv-

01334-WYD, Doc. No. 22 at 4-5, that a repeated challenge of the same claim borders

on malicious prosecution.  "[T]he right of access to the courts is neither absolute nor

unconditional, and there is no constitutional right of access to the courts to prosecute an

action that is frivolous or malicious."  *Tripati v. Beaman*, 878 F.2d 351, 353 (10th Cir.

1989) (citations omitted) (per curiam) (quoted in *Sieverding v. Colorado Bar Ass'n,* 469

F.3d 1340, 1343 (10th Cir. 2006)).  Federal courts have the inherent power under 28

U.S.C. § 1651(a) to regulate the activities of abusive litigants by entering orders that are

"necessary or appropriate in aid of [the Court's] jurisdiction."  *See Winslow v. Hunter (In*

*re Winslow),* 17 F.3d 314, 315 (10th Cir. 1994) (per curiam)*; Tripati,* 878 F.2d at 352.

"There is strong precedent establishing the inherent power of federal courts to regulate

the activities of abusive litigants by imposing carefully tailored restrictions under the

appropriate circumstances," *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986), and

"where, as here, a party has engaged in a pattern of litigation activity which is manifestly

abusive, restrictions are appropriate," *In re Winslow,* 17 F.3d at 315.

I may, in my discretion, place reasonable restrictions on any litigant who files

nonmeritorious actions for obviously malicious purposes and who generally abuses

judicial process.  *Phillips v. Carey,* 638 F.2d 207, 209 (10th Cir. 1981).  Mr. Pinson is

warned that future filings in this Court found to be malicious will subject him to filing

restrictions in addition to any 28 U.S.C. § 1915(g) restrictions that currently apply to him.

Respondent, having stated that he does not intend to raise the affirmative

defense as to the exhaustion of Mr. Pinson's claims, as they pertain to IR No. 1642331,

will be instructed to address the merits of these claims.  Accordingly, it is

ORDERED that the action is dismissed in part with prejudice because Mr.

Pinson's claims regarding IR No. 1619674 are repetitive.  It is

FURTHER ORDERED that Respondent shall file a return certifying the true

cause of the detention of Mr. Pinson and show cause in writing on or before **Tuesday,**

**March 20, 2012**, why the writ, as it pertains to the remaining claims challenging  IR No.

1642331, should not be granted.  It is

FURTHER ORDERED that Mr. Pinson shall remain in custody and within the

jurisdiction of this Court until further order.

Dated:  February 28, 2012.

BY THE COURT:


s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE