IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Wiley Y. Daniel

Civil Action No. 11-cv-02955-WYD

JEREMY PINSON,

    Applicant,

v.

BLAKE DAVIS,

    Respondent.

## ORDER OF DISMISSAL

I. BACKGROUND

    Applicant Jeremy Pinson is in the custody of the United States Bureau of Prisons (BOP) and currently is incarcerated at the Federal Detention Center in Houston, Texas. The matter before me is Applicant's *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, in which he asserts his due process rights were violated in two separate disciplinary proceedings. On February 28, 2012, I dismissed the claims regarding Incident Report (IR) No. 1619674 and directed Respondent to show cause why relief should not be granted regarding IR No. 1642331. Respondent filed a Response on March 20, 2012, and Applicant filed a Reply on March 29, 2012. This matter now is ripe for decision.

II.  ANALYSIS

A.  Standard of Review

In considering Applicant's filings, I am mindful of his *pro se* status, and accordingly, read his pleadings liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, such liberal construction is intended merely to overlook technical formatting errors and other defects in his use of legal terminology and proper English.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Applicant of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, I will treat Applicant according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. United States,* 508 U.S. 106, 113 (1993); *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994).

B.  Exhaustion and Time-Bar

In the Order to File Preliminary Response, the Court instructed Respondent to address the affirmative defense of exhaustion of administrative remedies.  The Court also directed Respondent that if he did not intend to raise exhaustion as an affirmative defense he must notify the Court.  In the Preliminary Response, Respondent indicated he did not intend to raise the exhaustion affirmative defense.  In the Response to the Order to Show Cause, Respondent now argues the exhaustion affirmative defense.

The "best procedure is to plead an affirmative defense in an answer or amended answer."  *See Ahmad v. Furlong*, 435 F.3d 1196, 1202 (10th Cir. 2006) (finding defendants were not necessarily barred from raising a qualified immunity defense in their motion for summary judgment).  A constructive amendment is allowed if there is no

prejudice to the opposing party and the amendment is not unduly delayed, done in bad faith or with a dilatory motive. *Id.* Here, Respondents' procedural default claim clearly was presented in the Response, and Applicant had sufficient time to address the affirmative defense in his Reply to the Response. There is no evidence of prejudice to Applicant or of undue delay, bad faith, of dilatory motive by Respondent. I, therefore, find that Respondent is not barred from raising the exhaustion affirmative defense in the Response with respect to the evaluation claim.

Nonetheless, in the interest of judicial economy, I may proceed to decide the merits of an applicant's claims even if an applicant has not exhausted his administrative remedies. 28 U.S.C. § 2254(2)(b); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (followed § 2254(b)(2) in a § 2241 proceeding.

C. Due Process in a Disciplinary Proceeding

As a federal prisoner, Applicant has a constitutionally protected liberty interest in his earned, good conduct time. *See Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987). Therefore, he was entitled to due process at the disciplinary hearings in question. However, "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Rather, adequate due process at a prison disciplinary hearing requires only that a prisoner be provided with written notice of the charges against him no less than twenty-four hours in advance of the disciplinary hearing, an opportunity to call witnesses and present documentary evidence in his defense if doing so would not be unduly hazardous to institutional safety or correctional goals, and a written statement by the factfinders of the reasons for the

decision and the evidence on which they relied. *See id.* at 563-66; *Smith v. Maschner*, 899 F.2d 940, 946 (10th Cir. 1990). There also must be some evidence to support a disciplinary conviction. *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

"Ascertaining whether [the some evidence] standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *See Hill*, 472 U.S. at 455-56; *see also Mitchell*, 80 F.3d at 1445 (citing *Hill*). The disciplinary decision will be upheld even if the evidence supporting the decision is "meager." *Mitchell*, 80 F.3d at 1445 (citing *Hill*, 472 U.S. at 457).

D.  Incident Report No. 1642331

Applicant asserts that in Incident Report (IR) No. 1642331 there was no evidence to support the charges. He further contends that (1) he is a diagnosed schizophrenic; (2) he was not competent to waive this right to a hearing, witnesses, or a staff representative; and (3) a competency evaluation was not conducted as required under 28 C.F.R. § 541.6. Applicant further asserts that the Disciplinary Hearing Officer (DHO) did not deliver the DHO report to him on October 12, 2007, at the Beaumont prison facility, and as a result he was unable to timely appeal his disciplinary conviction. Applicant seeks expungement of IR No. 1642331 and reversal of the sanctions entered as a result of the conviction.

1.  Some Evidence

The evidence claim Applicant asserts in the Application is conclusory and vague.

4

Not until after Respondent asserted in the Response that Applicant's arguments were easily refuted did Applicant assert in his Reply that he did not attack his cellmate but wrestled his cellmate to the floor when he began cutting himself with his razor. Reply at 1 and 11. Applicant further asserts that his cellmate was suicidal and failed to inform prison staff that his injuries were self-inflicted. Reply at 1.

Applicant does not deny the DHO's findings that he was covered in blood and his cellmate was face down on the floor with cuts to the back of his torso and head. Resp., ECF No. 15-1 at 1; Application at 11. The DHO report also states that Applicant had no injuries as a result of the incident. Application at 11. Given the incident report the DHO relied on, and Applicant's self-serving statements regarding the incident, I find sufficient evidence to meet the "some evidence" standard. Applicant's evidence claim will be denied for lack of merit.

2. Competency to Waive Rights

In the Application, Applicant claims that he suffered a mental breakdown immediately after he was falsely charged in IR No. 1642331. He also asserts in his Reply that, in general, he has been diagnosed by the BOP as having schizophrenia and pursuant to BOP policy a mental evaluation must be conducted prior to his disciplinary proceedings.

Even if the BOP was remiss in not conducting a competency evaluation, the denial of a hearing, staff representative, and witnesses is harmless error in this disciplinary proceeding.

Applicant fails to assert what testimony any proposed witness would have given that would have countered the evidence stated in the incident report and affected the

outcome of his disciplinary hearing.  *See Chesson v. Jaquez*, 986 F.2d 363, 366 (10th Cir. 1993) (no due process violation found when plaintiff failed to show how a testimony from a witness he was not allowed to call would have affected the outcome of his case). Although prison officials must consider an inmate's request to call a witness on an individual basis, errors in denying witness testimony are subject to a harmless error review.  *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 813 (10th Cir. 2007) (citations omitted).  Based on the above findings regarding the "some evidence" requirement, Applicant's inability to attend the DHO hearing and to call a witness to testify is at best a harmless error.  I find no violation of Applicant's due process by the inability.

With respect to the denial of staff representation, "[a] prisoner does not have a general constitutional right to have a staff representative assist him during the disciplinary process."  *Jordan v. Wiley,* 2009 WL 1698509, *9 (D. Colo. June 17, 2009) (citing *Wolff,* 418 U.S. at 570)), *aff'd*, 411 F. App'x 201 (10th Cir. 2011).  "Instead, due process requires that inmates be provided with the aid of a staff representative only where the inmate is illiterate or 'the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.' "  *Id.* (quoting *Wolff,* 418 U.S. at 570).

Applicant's proclaimed mental breakdown is self-serving.  He provides no evidence that he suffered such a breakdown and was unable to participate in the disciplinary proceedings in IR No. 1642331.  To the contrary, PACER, the Public Access to Court Electronic Records, indicates that on September 19, 2007, the United States Court for the Western District of Oklahoma received a motion to appoint counsel in *Pinson v. Whetsel, et al.*, No. 07-cv-00572-F, at ECF No. 34 (W. D. Okla. Feb. 24,

2009). Applicant had to have sent the motion to the court less than ten days after the incident in IR No. 1643221 took place and within six days of the DHO hearing. The motion is well-written and does not mention the need for counsel due to a mental breakdown. No. 07-cv-00572-F at ECF No. 34. At the time Applicant submitted the motion, he was located at the prison facility were the incident in question took place and per his own statement in the motion was awaiting a transfer to a different prison facility where his access to legal materials would be limited. *Id.* There is no basis for finding that Applicant unknowingly waived his appearance at the DHO hearing and the signature on the Waiver of Appearance form, Resp., ECF No. 15-2 at 2, is not his. Applicant's competency claim will be denied for lack of merit.

### 3. No Timely DHO Report

Applicant concedes that he received a copy of the DHO report for the incident in question on September 7, 2011. Based on the above findings, and my decision to disregard Applicant's failure to exhaust his administrative remedies, the alleged delay in receiving the report is no more than harmless error. Applicant's timely report claim, therefore, lacks merit and will be denied.

### 4. Conclusion

Based on the above findings, I find Applicant fails to assert a violation of his due process rights in the IR No. 1642331 disciplinary hearing and deny his claims for lack of merit.

## III. CONCLUSION

FOR THE FOREGOING REASONS, the Application for a Writ of Habeas Corpus

Pursuant to 28 U.S.C. § 2241 is DENIED and the action is DISMISSED with prejudice.

FURTHERMORE, leave to proceed *in forma pauperis* on appeal is DENIED. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

DATED: August 8, 2012.

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
Chief United States District Judge